**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT CHILDRESS,

    *Plaintiff*,                                     CASE NO. 10-CV-14587

*v*.                                               DISTRICT JUDGE MARIANNE BATTANI
                                                 MAGISTRATE JUDGE CHARLES BINDER

HERTZ CORPORATION,
ROSE SADIA, CINDY DEATON,
DETECTIVE QUISSENBERRY,
and TERRI ANTISDALE,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Robert Childress is a state prisoner who is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan. On November 18, 2010, Plaintiff filed a *pro se* "Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" against Hertz Corporation, two Hertz employees (Defendants Rose Sadia and Cindy Deaton), a detective with the Oakland County Sheriff's Department (Defendant Quisenberry) and an Oakland County assistant prosecutor

(Defendant Terri Antisdale), claiming that all of the defendants conspired to maliciously prosecute him for a crime he did not commit.

On December 9, 2010, U.S. District Judge Marianne O. Battani referred all pretrial matters to the undersigned magistrate judge. Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted the same day. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for report and recommendation.

**B.      Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### C.  Plaintiff's Claims

Plaintiff asserts in his complaint that, in mid-December 2007 while his vehicle was being repaired, his insurer arranged the rental of a vehicle for him with Defendant Hertz Corporation. Plaintiff claims that on December 27, 2007, the manager of the Hertz Rental in Rochester Hills, Michigan, Defendant Rose Sadia, made a complaint with the Rochester Hills Police Department that Plaintiff refused to return the vehicle. (Compl., Doc. 1 at 5.) Plaintiff states that on January 4, 2008, he was arrested on an unrelated matter and incarcerated at the Oakland County Jail. Plaintiff alleges that

> The Hertz Corporation and its employees Rose Sadia and Cindy Deaton with Det. Quissenberry and prosecutor Terri Antisdale of Oakland County all conspired to maliciously prosecute me for a crime I did not and could not have committed. I was falsely accused, falsely imprisoned and maliciously prosecuted from March 2008 until May 18, 2009. The case was subsequently dismissed.

3

(*Id.*) Plaintiff also states that he encountered unsanitary conditions at the jail, as well as bad food and an inadequate law library. (*Id.*)

### D. Analysis & Conclusions

#### 1. Defendants Hertz Corporation, Rose Sadia and Cindy Deaton

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of (1) was committed by a person acting under color of state law, and (2) deprived the plaintiff of rights, privileges or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Berger v. City of Mayfield Hts.*, 265 F.3d 399, 405 (6th Cir. 2001). Absent either element, a section 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

I suggest that Plaintiff has failed to state a claim against Defendants Hertz, Sadia, and Deaton because these defendants are private entities, not persons or entities acting under color of state law. "Private individuals and companies do not act under color of state law." *Thomas v. Better Business Bureau, of the Mid-South*, 79 Fed. Appx. 748, 748 (6th Cir. 2003). "[A] private entity can be held to constitutional standards [only] when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). *See also Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." (quoting *Am. Mfrs.*, 526 U.S. at 50)). Conduct is fairly attributable to the state when: (1) the deprivation was "caused by the exercise of some right or privilege created by the

State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the party charged with the deprivation is "a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

In this case, I suggest that Plaintiff cannot demonstrate, and his complaint does not allege, that Defendants Hertz, Sadia, and Deaton are state actors or that the alleged deprivation was caused by the exercise of some state-created right or privilege or by a rule of conduct imposed by the state or a person for whom the state is responsible. Consequently, I suggest that Plaintiff's allegations do not form a proper basis for a complaint under 42 U.S.C. § 1983 and they should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1).

**2.   Defendant Quissenberry**

Plaintiff's only claim against Defendant Detective Quissenberry is that this defendant "conspired to maliciously prosecute me for a crime I did not and could not have committed. I was falsely accused, falsely imprisoned and maliciously prosecuted from March 2008 until May 18, 2009. The case was subsequently dismissed." (Compl. at 5.) When a *pro se* plaintiff "pleads a legal conclusion without surrounding facts to support the conclusion stated in this claim, he fails to state a claim." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). In addition, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Therefore, when proceeding under 42 U.S.C. § 1983 for civil conspiracy, a plaintiff must make some allegation of coordinated actions between the alleged conspirators. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Collyer v.*

*Darling*, 98 F.3d 211, 229 (6th Cir. 1996). Plaintiff has clearly failed to do so here. Conclusory, vague accusations that do not describe some "meeting of the minds" cannot state a claim for relief under 42 U.S.C. § 1983. Accordingly, I suggest that the claim against Defendant Quissenberry be *sua sponte* dismissed for failure to state a claim upon which relief can be granted.

### 3. Defendant Terri Antisdale

Plaintiff asserts the same conclusory allegation of conspiracy against Defendant Terri Antisdale, an assistant prosecutor for Oakland County, Michigan. I suggest that Plaintiff's claim against Defendant Antisdale is subject to *sua sponte* dismissal not only because of its conclusory nature but also because it "seeks monetary relief against a . . . defendant who is . . . immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Other than the wholly conclusory allegations already addressed, Plaintiff's complaint does not allege that Defendant Antisdale engaged in any specific wrongful acts that were outside of the scope of her duties, and therefore I suggest that she is entitled to immunity from suit and that the claims against her should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1).

### 4. Claims Regarding Jail Conditions

Finally, I suggest that Plaintiff's allegations regarding the conditions at the jail are subject to *sua sponte* dismissal for failure to state a claim because Plaintiff has not attributed such

6

conditions to any state actor. In a civil rights case under Section 1983, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). Here, where Plaintiff has not alleged that the jail conditions were the result of the conduct of a particular defendant, I suggest that he has failed to state a claim and therefore the complaint should be *sua sponte* dismissed in its entirety.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

*s/* 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗<br>CHARLES E. BINDER<br>United States Magistrate Judge

Dated: December 20, 2010

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Donelle Renee Buratto and Gregory Gromek; and served by first class mail on Mr. Robert Childress, #365065, at Ryan Correctional Facility, 17600 Ryan Rd., Detroit, MI, 48212-1155.

Date: December 20, 2010          By    *s/Jean L. Broucek*<br>
                                                Case Manager to Magistrate Judge Binder