**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT CHILDRESS,

        Plaintiff,                        Case No. 10-14587

                                          Hon. Marianne O. Battani

v.

HERTZ CORPORATION,
ROSE SADIA, CINDY DEATON,
DETECTIVE QUISSENBERRY,
and TERRI ANTISDALE,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff Robert Childress filed a complaint alleging that all of the defendants conspired to maliciously prosecute him for a crime he did not commit. (Doc. 1). The Court subsequently referred this matter to Magistrate Judge Charles Binder for all pretrial proceedings pursuant to 28 U.S.C. § 636(b). (Doc. 6).

On December 20, 2010, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint because he failed to state a claim upon which relief may be granted. (Doc. 9). The Magistrate Judge informed the parties that objections to the Report and Recommendation ("R&R") must be filed within fourteen days of service and that a party's failure to file objections would waive any further right of appeal. See, (Doc. 9 at 7-8); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).

Because no objection has been filed in this case, the parties waived their right to review and appeal. Accordingly, the Court **ADOPTS** the Report and Recommendation, and

**DISMISSES** Plaintiff's Complaint in its entirety.

Two days after the Magistrate Judge entered the R&R, Plaintiff filed a Motion to Appoint Counsel.  (Doc. 10).  Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court has broad discretion in determining whether counsel should be appointed.  Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987).  Not every request for an attorney in a prisoner civil rights case is granted.  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances."  Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993).  In determining whether exceptional circumstances exist, the Court examines the complexity of the factual and legal issues involved and the plaintiff's ability to represent himself.  Id. at 606.  After review, the Court finds no basis to characterize this case as one presenting exceptional circumstances.  Therefore, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

   **IT IS SO ORDERED.**


                                   s/Marianne O. Battani
                                   MARIANNE O. BATTANI
                                   UNITED STATES DISTRICT JUDGE

DATED: March 9, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served upon  Plaintiff, Robert Childress and counsel of record on this date by ordinary U.S. mail and electronic filing.

                                   s/Bernadette M. Thebolt
                                   Case Manager